UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL HARDGRAVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19 CV 2484 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner's Motion under 28 USC §2255 to Vacate, Set Aside, or Correct Sentence.

I. Procedural History

On December 8, 2010, a grand jury charged petitioner Hardgrave with one count of Receipt of Child Pornography and two counts of Possession of Child Pornography. On July 6, 2011, Hardgrave pled guilty to all three counts. On October 5, 2011, he was sentenced to sixty-three months in prison on each count to be served concurrently to be followed by a life term of supervised release.

On or about January 29, 2016, Hardgrave commenced his supervised release. On June 12, 2018, the U.S. Probation Office filed a Petition for Warrant for Offender Under Supervision alleging that Hardgrave had violated his supervised release by possessing child pornography. On October 3, 2018, a supervised release revocation hearing was held. Hardgrave admitted the

violations and, pursuant to the parties' joint recommendation, the Court sentenced him to ten years in prison followed by life supervised release under Title 18, United States Code, § 3583(k).

On August 26, 2019, petitioner filed the instant "PRO SE MOTION for: Relief and Remedy Pursuant to the Supreme Court Decision in 'United States of America v Haymond'" which the Court construed as a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. This motion is timely. Petitioner claims that the recent U.S. Supreme Court decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), holding that § 3583(k) was unconstitutional, dictates that his revocation sentence must be set aside. On December 9, 2019, the Court ordered the United States to file a response within forty-five days as to why the relief requested should not be granted.

II.     Factual Background

In its Petition for Warrant, the Probation Office alleged that Hardgrave had violated his supervised release by possessing child pornography. On June 14, 2018, he waived his right to a preliminary hearing on the violations. After two continuances, the revocation hearing was held on October 3, 2018 before this Court. At the hearing, Hardgrave waived his right to a hearing and admitted that he had violated the conditions of his supervised release by possessing child pornography on web-enabled cell phones. Document 72, p. 3. He stated that he had plenty of time to speak with his attorney and that the waiver was his free and voluntary decision. Document 72, p. 3.

This Court advised Hardgrave of the provisions under § 3583(k); that is, that the statutory revocation range was five years to life, the guideline revocation range was five years to life and the supervised release period was five years to life. Document 72, p. 4. The parties informed the Court that they had a joint recommendation of ten years in prison with lifetime supervised

2

release. In addition, the parties told the Court that the recommendation was based on the Government's agreement not to bring new charges of possession of child pornography or receipt of child pornography. Document 72, p. 5.

Hardgrave's counsel then stated:

MS. LIGGETT: Your Honor, that is the parties' recommendation, but if I can make a brief record.

THE COURT: Yes.

MS. LIGGETT: I did receive forensic reports and other discovery from the Government, and I've conveyed it to Mr. Hardgrave. In addition, I went to the United States Attorney's Office to see the actual photos, videos that were part of the allegations. So I have reviewed those, and I have reviewed this with Mr. Hardgrave.
    In addition, ***there's some case law to the Tenth Circuit with respect to the statute 3583(k), which is the provision that he's being sentenced under. The Tenth Circuit did find that the last two sentences of that statute were unconstitutional; so that would be an issue that we could raise in this case.***
    So I discussed that, and I've actually sent the case law and had conversation with Mr. Hardgrave about that. I haven't found anything in the Eighth Circuit with respect to this statute. So we reviewed that, and we discussed it.
    And if we had proceeded to a hearing and raised that issue, if the Government did -- which I believe Ms. Costantin would be filing additional charges -- and just if it were a possession, obviously, Mr. Hardgrave would have the right to contest that, file motions, and proceed to a jury or bench trial on that. But if he were convicted, the mandatory minimum would be ten years, and if it were a receipt, the mandatory minimum would be 15.
    And if the Court were to sentence him even to the two year, which would be the maximum under 3583(e) -- I think it's (e) -- that that would still be quite a bit more than what the recommendation is here today.
    ***So based on our discussions and what Mr. Hardgrave would want to do in this case, that he wants to take the ten-year sentence on the revocation with supervised release to follow and not face any additional charges with the U.S. Attorney's Office on this conduct.***

Document 72, pp. 5-6 (emphasis added).

Following the parties' joint recommendation, the Court sentenced Hardgrave to ten years in prison followed by a life term of supervised release. Document 72, p. 8. Pursuant to the

3

agreement, the Government did not issue additional charges. Hardgrave did not appeal his revocation or sentence.

III. Summary of Claim

Petitioner claims that his revocation sentence is illegal in light of the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), which held that the last two sentences of Title 18, United States Code, § 3583(k) were unconstitutional. Specifically, *Haymond* found that the five-year minimum revocation sentence required for violations involving the listed criminal offenses (including child pornography) violated the right to jury trial.

Hardgrave's claims should be denied. First, *Haymond* announced a new *procedural* rule and therefore it is not retroactive on collateral review, such as a motion under § 2255. Second, at his revocation hearing, Hardgrave specifically, knowingly and affirmatively waived his challenge to his revocation sentence under *Haymond* in order to avoid the much harsher new charges which carried a mandatory minimum ten year sentence.

IV. Legal Standards for Review of Claim

"A §2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Under the framework of *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (plurality opinion) (1989), "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless

the new procedural rule falls within a narrow exception for "watershed rules" that "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (quotation marks omitted). New substantive rules, however, "generally apply retroactively" and are "not subject to [*Teague*'s] bar." *Id.* at 351-52 n.4 (2004).

A collateral challenge, such as a §2255 motion, is not a substitute for an appeal. Relief under §2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

V.   Discussion

Hardgrave's allegations do not entitle him to relief because *Haymond* is not retroactive in a §2255 proceeding. Moreover, the record indicates that Hardgrave affirmatively waived his *Haymond* objection to a revocation sentence in exchange for the Government's agreement not to bring new criminal charges against him.

Section 3583(k) mandated a minimum five-year term of imprisonment for certain violations (such as possession of child pornography) of supervised release committed by defendants who were required to register under the Sex Offender Registration and Notification Act. This included defendants, like Hardgrave, who had been convicted of receipt and possession of child pornography. If a defendant on supervised release for possession or receipt of child pornography was found to have possessed or received child pornography, the court was required to sentence him to at least five years.

In *Haymond*, four justices of the Supreme Court held that §3583(k) violated the defendant's Fifth and Sixth Amendment rights. 139 S. Ct. at 2373. While Justice Breyer concurred in their conclusion that §3583(k) was unconstitutional, he more narrowly found that

5

aspects of the statute made it more closely resemble a new criminal charge without granting the defendant rights—such as a right to jury trial—that a criminal case would create. 139 S. Ct. at 2386. He held that §3583(k) violated the Court's holding in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that "in an ordinary criminal prosecution, a jury must find facts that trigger a mandatory minimum prison term." *Id.*

A.   *Haymond* Does Not Apply Retroactively

Hardgrave contends that the *Haymond* ruling applies retroactively to his revocation. Whether a new rule applies retroactively is governed by *Teague*, 489 U.S. 288. *Teague* states "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (quotations omitted). "…A rule is substantive if it alters the range of conduct or the class of persons that the law punishes." *United States v. Cunningham*, 612 F.3d 1003, 1009 (8th Cir. 2010) (quotations omitted). "Rules are procedural, on the other hand, when they regulate only the manner of determining the defendant's culpability." *Id.* (quotations omitted). The *Haymond* ruling was clearly a procedural rule in that it regulated the manner of determining the defendant's culpability; that is, that a jury—not a judge—would have to find the §3583(k) violations in order to impose a mandatory five year prison term.

In *United States v. Salazar*, 784 Fed. Appx. 579, 583 (10th Cir. 2019), the Court held that *Haymond* announced a procedural rule. The Court stated:

> *Haymond* does not "alter[ ] the range of conduct or the class of persons that the law punishes"—possessing child pornography is still a crime after *Haymond*. But it does "regulate[ ] … the manner of determining the defendant's culpability." Indeed, *Haymond*, like *Alleyne*, "allocate[s] decisionmaking authority," *Schriro v. Summerlin*, between the judge and a jury. 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). And the

6

Court has repeatedly held "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Id.*

*Salazar,* 784 Fed. Appx at 583.

*Haymond* does not fit the narrow exception for retroactive application of procedural rules. Procedural rules apply retroactively only if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard v. Banks,* 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (internal quotations omitted). The exception is extremely limited and "is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." *Id.* (internal quotations omitted). The Supreme Court has not yet found a procedural rule that qualifies as "watershed" although it has indicated that a defendant's right to counsel, as found in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) might fall within the exception. *Beard,* 542 U.S. at 418. *Haymond*'s ruling is not that case. Thus, *Haymond* does not apply retroactively to Hardgrave's collateral challenge to his revocation sentence.

B. Hardgrave Waived His Constitutional Challenge to §3583(k)

At his supervised release hearing, Hardgrave knowingly, explicitly and affirmatively waived his constitutional challenge to §3583(k) in exchange for the Government's agreement not to bring new receipt or possession of child pornography charges and a joint recommendation to the Court of a ten year prison sentence. Document 72, p. 5. A defendant can validly waive constitutional rights. *United States v. Andis,* 333 F.3d 886, 889 (8th Cir. 2003). Here Hardgrave's counsel described the pending *Haymond* case to the Court, stated that she had discussed the matter with the him and concluded that "So based on our discussions and what Mr. Hardgrave would want to do in this case, that he wants to take the ten-year sentence on the

7

revocation with supervised release to follow and not face any additional charges with the U.S. Attorney's Office on this conduct." Document 72, pp. 5-6. Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993). Hardgrave knowingly and voluntarily relinquished his known right to challenge the constitutionality of §3583(k) so that he could avoid a new charge carrying a mandatory minimum ten-year sentence. This Court will enforce that waiver and deny the §2255 petition.

Hardgrave has also procedurally defaulted his claim. The United States Supreme Court has repeatedly held "that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A proper § 2255 claim "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Apfel*, 97 F.3d at 1076. Hardgrave procedurally defaulted because he did not raise a *Haymond* claim at the revocation hearing or on appeal. Instead he expressly waived his *Haymond* claim in exchange for the Government's agreement to forgo more serious charges. He did not file an appeal.

Procedural default is only excused if a movant can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors asserted. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). Hardgrave can show neither. He was fully aware of the *Haymond* case and used that pending uncertainty over the outcome to obtain a sentence lower than the result of new charges and a revocation. He cannot demonstrate an excuse for the default or prejudice from the outcome. In fact, because Hardgrave benefitted so profoundly from the defect he now

8

claims, and avoided a ten-year sentence and the risk of a consecutive revocation sentence, he wholly fails to demonstrate prejudice. His claim will be denied.

VI.  A Hearing Is Not Required On Petitioner's §2255 Petition

"A §2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)), cert denied, 540 U.S. 1199 (2004).

All petitioner's claims will be dismissed without a hearing. The supervised release revocation record establishes that Hardgrave knowingly waived his *Haymond* claim in exchange for the Government's agreement to forgo a new indictment.

## CONCLUSION

For the foregoing reasons, this Court denies Hardgrave's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Hardgrave has not made a substantial showing of the denial of a federal constitutional right.

Dated this 20th day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE